Filed 4/30/21  P. v. Lee CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058779 |
| v. | (Super. Ct. No. 00NF1347) |
| MINH NGHIA LEE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Daniel Rogers and Kristen Kinnaird Chenelia, Deputy Attorney General, for Plaintiff and Respondent.

In 2005, a jury convicted Minh Nghia Lee and a codefendant of murder (Pen. Code, § 187, subd. (a)),[1] conspiracy to commit murder (§ 182, subd. (a)(1)), and attempted murder (§§ 664, subd. (a) & 187, subd. (a)). The jury determined the defendants intentionally killed the victim by means of lying in wait (§ 190.2, subd. (a)(15)) and a principal was armed with a firearm (§ 12022, subd. (a)(1)). The trial court sentenced Lee to life without the possibility of parole. We affirmed the judgment. (*People v. Lee* (Oct. 9, 2008, G036136) [nonpub. opn.] (*Lee I*).)

In November 2019, Lee filed a petition for resentencing pursuant to section 1170.95. A month later, the trial court denied the petition because it failed to set forth a prima facie case for relief. Lee argues the trial court erred by summarily denying his petition without following the statutory procedures of appointing counsel, issuing an order to show cause (OSC), and holding a hearing. We disagree and affirm the order.

## FACTS

Because this appeal concerns issues of law, we need not review the facts in any detail. A full recitation of the facts can be found in *Lee I*. Suffice it to say, Lee was involved in a criminal enterprise and lived with his partners in crime in a residence they referred to as the "Penthouse." After the group disbanded, Lee and three cohorts lured two of their former partners to a parking lot. After the victims arrived, Lee's cohort (and codefendant at trial) shot the two men, killing one. The injured survivor ran and hid behind a telephone pole. Lee drove his vehicle towards him, but stopped just short of hitting the pole. (*Lee I, supra,* G036136.)

In 2005, a jury found Lee guilty of murder by means of lying in wait, conspiracy to commit murder, and willful, deliberate and premediated attempted murder. The jury also determined Lee was armed with a firearm as to all counts.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

In 2019, Lee filed a petition to be resentenced, alleging he was convicted of felony murder or murder based on natural and probable consequences theory of vicarious liability.

DISCUSSION

I. *Applicable Legal Princples*

"Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § l, subd. (f).) [¶] To further that purpose, Senate Bill 1437 added three separate provisions to the Penal Code. First, to amend the felony-murder rule, Senate Bill 1437 added section 189, subdivision (e): 'A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2.'" (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)

"Second, to amend the natural and probable consequences doctrine, Senate Bill 1437 added section 188, subdivision (a)(3) (section 188(a)(3)): 'Except [for felony-murder liability] as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.'" (*Gentile, supra,* 10 Cal.5th at pp. 842-843.)

3

"Third, Senate Bill 1437 added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above." (*Gentile, supra,* 10 Cal.5th at p. 843.)

Under subdivision (a) of section 1170.95, a person convicted of first or second degree murder may petition a trial court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."

Procedurally, section 1170.95 subdivision (b)(1)(A) through (C) explains what defendants must include in the petition. Subdivision (c) provides the following: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." Next, the court must hold a hearing to determine the merits of the petition. "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing . . . ."
(§ 1170.95, subd. (d)(3).)

II. *Analysis*

Lee argues the trial court erred by summarily denying his petition without appointing counsel or issuing an OSC. He recognizes several appellate courts have held that section 1170.95 authorizes the trial court to consider a petitioner's record of conviction, including an opinion affirming the conviction, when deciding whether the petitioner has made a prima facie showing of entitlement to relief warranting the issuance of an OSC. (See, e.g., *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329, review granted Mar. 18, 2020, S260493 [statute requires two prima facie reviews and the court makes first one before briefing and may review record of conviction to determine prima facie showing of entitlement to relief warranting OSC]; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1140, review granted Mar. 18, 2020, S260598 [same].) Defendant asserts there is a better-reasoned case reaching a different conclusion. (*People v. Cooper* (2020) 54 Cal.App.5th 106, 119, 123, review granted Nov. 10, 2020, S264684 [court need not "perform two reviews of a facially sufficient petition before issuing an [OSC]" and must hold hearing "upon the filing of a facially sufficient petition for relief that requests counsel be appointed"].) The two lines of authority are under review by the California Supreme Court, which will have the final say in the matter.

We need not weigh in on the issue because even if the trial court errs by failing to appoint counsel, any such error is harmless if the defendant is not entitled to relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 673.) Such is the case here. It is undisputed Lee was convicted of conspiracy to commit murder. Conspiracy is a specific intent crime, and conspiracy to commit murder requires that a conspirator personally have the specific intent to kill. (*People v. Swain* (1996) 12 Cal.4th 593, 602 (*Swain*).) Conspiracy to murder cannot be based on an implied malice theory. (*Id.* at p. 607.)

Thus, even if we assume Lee was not the actual killer, his convictions for both conspiracy to commit murder and murder made it abundantly clear he acted with the

5

intent to kill.  (See *Swain, supra,* 12 Cal.4th at p. 607 ["conspiracy to commit murder requires a finding of intent to kill"].)  There are no circumstances in which convictions for murder and conspiracy to commit murder would render Lee eligible for relief under section 1170.95.

DISPOSITION

We affirm the order.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.